IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.   1:14-cv-00074 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| IRENE BAILEY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**UNITED STATES' MOTION FOR DEFAULT JUDGMENT**

The United States filed this suit to reduce to judgment the federal income tax, interest, and penalty assessments made against Irene Bailey for tax years 2002 through 2005 and 2008. Because Irene Bailey failed to file an answer, the Clerk entered default against her. Default judgment is now appropriate, and the United States' motion should be granted.

**Statement of Facts**

On October 14, 2014, the United States filed this civil action. Docket No. 1. On October 21, 2014, Irene Bailey was personally served with the summons and complaint. Docket No. 3. Irene Bailey filed a motion for an extension of time to file an answer on November 10, 2014. Docket No. 4. The Court granted her motion, giving her until December 12, 2014 to file an answer. Docket No. 5.

Irene Bailey failed to file an answer or request an additional extension of time. Accordingly, at the United States' request, the Clerk entered default against her on December 23, 2014. Docket Nos. 6, 7, 8.

**Argument**

After default has been entered, a party can request a default judgment under Fed. R. Civ. P. 55(b). If a party fails to defend an action, "the party is in default and the well-pleaded allegations in the complaint as to liability may be taken as true." *West Virginia Carpenters Benefit Trust v. First Const. Corp.*, No. 2:14-cv-15425, 2014 WL 6390311 (S.D.W.V. Nov. 17, 2014), *citing*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Despite the policy of encouraging dispositions on the merits, judges have discretion to enter default judgment, and that discretion "must be liberally exercised." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

On various dates, the Commissioner of Internal Revenue assessed federal income taxes, interest, and penalties against Irene Bailey for tax years 2002, 2003, 2004, 2005, and 2008. Gov. Ex. A. As of October 20, 2014, Irene Bailey owed $184,205.66 with respect to the tax liabilities referenced above. Zoellner Decl., ¶ 6; Gov. Ex. B. Accordingly, a default judgment should now be entered under Fed. R. Civ. P. 55(b) against Irene Bailey in the amount of $184,205.66, plus interest that has accrued and will continue to accrue according to law.

In compliance with the Servicemembers Civil Relief Act of 2003, a search was conducted and Irene Bailey is not currently on active duty with the armed forces of the United States. Reinhart Decl., ¶ 4; Gov. Ex. C. Therefore, because Irene Bailey has failed to defend this action and is indebted to the United States as described above, a default judgment should be entered against her.

## Conclusion

For the foregoing reasons, the United States' motion for default judgment should be granted.

Date: January 9, 2015

                                              Respectfully submitted,

                                              TIMOTHY J. HEAPHY
                                              United States Attorney

                                              DAVID A. HUBBERT
                                              Deputy Assistant Attorney General

                                              /s/ *Katherine M. Reinhart*
                                              KATHERINE M. REINHART
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 227
                                              Washington, D.C.  20044
                                              202-307-6528 (v)
                                              202-514-6866 (f)
                                              Katherine.Reinhart@usdoj.gov